UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-67 |
| | § | |
| REAL PROPERTY KNOWN AS 1 WEST CENTURY DRIVE #23B, LOS ANGELES, CALIFORNIA 90067, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

This is a civil forfeiture action regarding real property purchased with funds allegedly taken illegally from the Mexican State of Tabasco. Pending before the Court is Claimant Century 23B, LLC's Motion to Dismiss (D.E. 7), arguing that the Government's pleading is factually insufficient and that the case should be dismissed without prejudice. On June 22, 2018, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 13), recommending that Claimant's motion be denied. Claimant timely filed its objections (D.E. 14), to which the Government has responded (D.E. 16).

Claimant's objections do not point to any specific error in the M&R's analysis, but rather contend, generally, that the pleading standard applicable to a forfeiture proceeding requires (1) specific tracing allegations that (2) comprise the entirety or a specific amount of the monies used in the purchase transaction. While Claimant also complains of the Government's interpretation of 18 U.S.C. § 983(a)(3)(D) as it impacts the pleading standard, Claimant has not identified any part of the M&R that adopted the challenged

reasoning and thus does not present any issue for this Court's disposition. That argument is disregarded. For the reasons set out below, the Court finds that the M&R correctly set out the pleading standard and correctly concluded that the Amended Verified Complaint for Forfeiture In Rem (D.E. 2) satisfies that standard.

According to Claimant's first citation, "[T]he Government must, at a minimum, allege facts sufficient to support a reasonable belief that the property is subject to forfeiture. . . . '[W]hether none, all, or only a portion of the defendant property is forfeitable is not determined at the pleadings stage, but at trial.'" *United States v. Title & Interest in the Real Prop. & Appurtenances*, No. EP-14-CV-60-DB, 2015 WL 12748176, at *3 (W.D. Tex. Mar. 24, 2015). This comports with the Fifth Circuit's analysis of the pleading requirement. *United States v. $49,000 Currency*, 330 F.3d 371, 376 n.8 (5th Cir. 2003).

While the Fifth Circuit acknowledged that Rule E(2)(a) requires greater detail than Rule 8, the requirement is that the pleading produce a "reasonable belief" that the property is subject to forfeiture, as outlined above. *Id.*; *see also,* Rule G(2)(f). Thus Claimant is incorrect to suggest that the pleading requirement is the same as the proof requirement, as it implies when citing to pattern jury charge language. *See* D.E. 14, p. 3. Neither do recitals of facts pled in other cases establish that such facts are necessary pleadings in all cases. *See* D.E. 14, p. 4 (citing *United States v. Real Prop. & Premises*, 657 F. Supp. 2d 1060, 1067-68 (D. Minn. 2009)).

Claimant's citation of *United States v. $31,000 in U.S. Currency*, 740 F. Supp. 803, 805 (D.N.M. 1990), is equally unpersuasive. In that case, the government effectively admitted that its pleading was devoid of such specifics as the date of any transaction, the location of the transaction, the dollar amount involved, or the identity of participants in the scheme. *Id*. (citing *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1220 (10th Cir. 1986) (government argued that notice pleading of Rule 8 and not the specific pleading of Rule E(2)(a) applied, offering no specifics to support forfeiture). Here, those specifics are pled.

Claimant faults the Government for failing to plead whether all or a specific portion of the real estate transaction involved tainted funds, suggesting that the Government must trace the funds in order to determine whether at least some unlawfully obtained funds were used. However, there is no requirement at the pleading stage that the Government trace amounts to criminal proceeds. *See generally, United States v. Melrose E. Subdivision*, 357 F.3d 493, 507 & n.18 (5th Cir. 2004). Here, the Government has alleged that the potential lawful source of income does not approach the purchase price of the property subject to forfeiture (not to mention additional properties also purchased for the benefit of the same alleged wrongdoers).

To challenge the adequacy of that pleading, Claimant cites *United States v. One White Crystal Covered Bad Tour Glove & Other Michael Jackson Memorabilia*, No. CV 11-3582-GW SSX, 2012 WL 8455336 (C.D. Cal. Apr. 12, 2012). Claimant represents the holding of that case to be that a pleading is insufficient where it relies on a relatively modest salary to show that tainted funds were used to procure the property. However, the

holding of that case was that the government had not sufficiently pled any underlying criminal activity. Without adequate facts to show that any funds are reasonably believed to have been procured through illegal means, the mere existence of money in excess of earnings will not satisfy the forfeiture pleading rules.

Here, the Government has supplied facts to support the underlying crimes: who the actors were in the illegal schemes, what funds were missing from their control, what they had done to conceal the transfer of funds, their nondisclosure of the assets purchased with the funds, who testified to the illegal acts and admissions in criminal proceedings, who handled different transactions, the intent behind the transactions, where the money was found, when and how the money and other properties were transferred, and the fact of criminal convictions. The Government does not rely on the mere fact that the actors lived beyond their apparent means to support the existence of an underlying crime.

Thus the Government has pled, and is entitled to the inferences, that crimes were committed generating tainted funds, which were used to purchase the Defendant asset. At trial, the Government will be put to its proof and Claimant will be entitled to provide evidence that the asset was purchased with lawfully obtained funds.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Claimant's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Claimant's objections and **ADOPTS** as its own the findings and

conclusions of the Magistrate Judge. Accordingly, Claimant's Motion to Dismiss (D.E. 7) is **DENIED**.

ORDERED this 13th day of August, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE